OPINION OF THE COURT
Raymond J. Barth, J.
The above-captioned matter was commenced by the filing of a petition on February 17, 1983, wherein the Children’s Protective Unit of the Onondaga County Department of Social Services alleged that the child, Adrian Ji, was a neglected child. The petitioner alleged that such neglect consisted of the parents’ failure to provide the child with an education and the respondent father’s infliction of excessive corporal punishment on the child.
On February 25, 1983 the petitioner filed a petition for temporary removal of the child from the care of his parents, pursuant to section 1022 of the Family Court Act. The Honorable Minna R. Buck granted the application by order dated February 25, 1983 and the child was removed shortly thereafter.
*901 The respondent parents sought return of their son by filing an application on March 4, 1983, in accordance with section 1028 of the Family Court Act.
The petitioner filed an amended neglect petition on March 16, 1983 that reiterated the prior allegations and added further averments regarding the respondent father’s acts of violence.
Hearings were held on the respondents’ application for return of their child on March 17, 21 and 22 of 1983. During the hearings it became apparent that petitioner’s order for temporary removal was jurisdictionally defective. Section 1022 permits the issuance of an order of removal
“if (i) the parent or other person legally responsible for the child’s care is absent or, though present, was asked and refused to consent to the temporary removal of the child and was informed of an intent to apply for an order under this section; and
“(ii) the child appears so to suffer from the abuse or neglect of his parent or other person legally responsible for his care that his immediate removal is necessary to avoid imminent danger to the child’s life or health; and
“(iii) there is not enough time to file a petition and hold a preliminary hearing under section one thousand twenty-seven”. (Family Ct Act, § 1022, subd [a].)
It is clear that none of the three grounds were met by the petitioner. The petitioner failed to ask the respondents to consent to a temporary removal of the child, the petition for removal was devoid of any allegations that the child appeared to suffer from neglect such that his immediate removal was necessary to avoid imminent danger to the child and the neglect petition had already been filed eight days earlier. Therefore, the section 1022 order of removal was obtained without compliance with the statutory prerequisites. Accordingly, this court will treat such order as a nullity.
Since the order of removal is nugatory, the respondent’s application for return of the child is unnecessary and the court could order the child returned forthwith. However, this court, in its role as parens patriae, has an obligation “to help protect children from injury or mistreatment and *902 to help safeguard their physical, mental, and emotional well-being”. (Family Ct Act, § 1011.) Therefore, the court shall treat the instant hearing as one under section 1027 of the. Family Court Act.
Section 1027 provides that the court may order a hearing at any time after a petition is filed to determine whether a child requires protection pending a final order of disposition. Subdivision (b). of said section permits the court to remove the child if the court finds it is necessary to avoid imminent risk to the child’s life or health.
On or about January 24, 1983, the respondent father struck his child, thereby causing bruising to the rim of the child’s right eye. Then, 32 days later, the petitioner sought and obtained the order of removal. It is clear from the allegations contained within the petition for temporary removal that the sole basis for the removal of the child was to prevent the family from leaving the jurisdiction with the child. There were no substantive factual allegations that the child’s life or health was in imminent danger. The petitioner’s failure to include such allegations in its petition and its delay of 32 days between the incident and the order of removal is inconsistent with the petitioner’s contention that removal was necessary to avoid an imminent risk to the child.
Upon review of the testimony and proofs presented in this matter, it is the determination of the court that removal of the child from his home is not necessary. Although the respondent father’s behavior is at times odd and his martial arts displays are bizarre, there was insufficient evidence to warrant removal of the child. Nevertheless, it is the further determination of the court that the evidence is sufficient to warrant an order of supervision and an order of protection. The respondent father did strike the child,, resulting in a black eye and the father refused to send the child to school.
Now, therefore, it is ordered, that the child, Adrian J., shall be returned to the care and custody of the respondents forthwith; and it is further ordered, that the respondents, James J. and Susan J., are hereby placed under supervision of the Onondaga County Department of Social Services pending final disposition of this matter; and it is *903 further ordered, that the respondent, James J. shall abstain from any offensive conduct against the child or the respondent mother and both respondents shall refrain from acts of commission or omission that tend to make the home not a proper place for the child, pending further order of the court; and it is further ordered, that the child shall be enrolled in school by the respondents forthwith; and it is further ordered, that the respondents are restrained from removing themselves and the child from the jurisdiction of this court pending further order of this court; and it is further ordered, that this matter be placed upon the general Trial Calendar.